IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-62,332-01






EX PARTE PAUL JUDSON MILES, JR., Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS 


FROM CAUSE NO. 07290-A IN THE 90TH JUDICIAL DISTRICT COURT OF
YOUNG COUNTY



 

 Per curiam.


 O R D E R



 This is an application for a writ of habeas corpus which was transmitted to this Court 
pursuant to the provisions of Tex. Code Crim. Proc. art. 11.07. Applicant was convicted
of the offense of indecency with a child, and punishment was assessed at fifteen years'
confinement. No direct appeal was taken.

 Applicant contends inter alia that he received ineffective assistance of counsel
because counsel failed to file a notice of appeal, although she told Applicant that she would
do so.

 The trial court has not entered findings of fact or conclusions of law. We believe that
Applicant has alleged facts that, if true, might entitle him to relief. Therefore, it is this
Court's opinion that additional facts need to be developed and because this Court cannot hear
evidence, the trial court is the appropriate forum. The trial court may resolve those issues
as set out in Tex. Code Crim. Proc. art. 11.07, § 3 (d), in that it may order affidavits,
depositions, or interrogatories from counsel, or it may order a hearing. In the appropriate
case the trial court may rely on its personal recollection. 

 If the trial court elects to hold a hearing, the court shall first decide whether Applicant
is indigent. If the trial court finds that Applicant is indigent and Applicant desires to be
represented by counsel, the trial court will then, pursuant to the provisions of Tex. Code
Crim. Proc. art. 26.04, appoint an attorney to represent him at the hearing. 

 Following receipt of additional information, the trial court should make findings of
fact as to whether Applicant indicated a desire to appeal his conviction. If so, the court shall
make findings as to whether counsel told Applicant that she would file a notice of appeal,
and as to whether counsel did file a notice of appeal. The court shall also make findings as
to whether appellate counsel was appointed for Applicant, and as to whether trial counsel
filed a motion to withdraw from the representation, and if so, when. The trial court shall also
make any further findings of fact and conclusions of law it deems relevant and appropriate
to the disposition of the application for writ of habeas corpus.

 Because this Court does not hear evidence, Ex Parte Rodriquez, 334 S.W.2d 294 (Tex.
Crim. App. 1960), this application for a post-conviction writ of habeas corpus will be held
in abeyance pending the trial court's compliance with this order. Resolution of the issues
shall be accomplished by the trial court within ninety days of the date of this order. (1) A
supplemental transcript containing all affidavits and interrogatories or the transcription of the
court reporter's notes from any hearing or deposition, along with the trial court's
supplemental findings of fact and conclusions of law, shall be returned to this Court within
one hundred and twenty days of the date of this order. (2)

 IT IS SO ORDERED THIS THE 14 DAY OF December, 2005.





EN BANC

DO NOT PUBLISH 

 
1. In the event any continuances are granted, copies of the order granting the continuance
should be provided to this Court.
2. Any extensions of this time period should be obtained from this Court.